**ROACH LAW FIRM, L.L.C.**
**Brad Roach, Esq.**
**100 N. Stone Avenue, Suite 512**
**Tucson, AZ 85701**
**(520) 628-4100**
**State Bar No. 017456**

**Attorney for: Carlos Cantizano**

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>Carlos Cantizano,<br>　　　　　　Defendant. | No. CR 14-2097-TUC JAS (JR)<br><br><br><br>**MOTION TO TRANSFER PROCEEDINGS TO ANOTHER DISTRICT FOR TRIAL** |

It is expected that excluded delay under 18 USC§(h)(1)(F) will occur as a result of this motion or an order based thereon.

Defendant, Carlos Cantizano, by and through his undersigned attorney, hereby moves the court, for the convenience of the parties and in the interests of justice, and pursuant to Fed. R. Crim. P, 21(b) to transfer these proceedings to the Central District of California, Eastern Division in Riverside, California. The grounds advanced in support of this motion are more fully set forth in the accompanying Memorandum of Points and Authorities.

The defendant also advances, as a separate and distinct basis for transferring these proceedings pursuant to Fed. R. Crim. P, 21(a), that he cannot obtain a fair and impartial trial in the District of Arizona. The grounds advanced in support of his motion pursuant to Fed. R. Crim. P, 21(a) are more fully set forth in the accompanying Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Fed. R. Crim. P 21:**

**Statutory Considerations:**

The Defendant is charged in two-count Indictment with violations of 18 USC§§2252(a)(2) and (b)(1)(Distribution of Child Pornography) and 18 USC§§ 2252A(a)(5)(B) and (b)(2) (Possession of Child Pornography).

The general venue statute found at Fed. R. Crim. P.18 provides that unless a statute or the rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice. This rule should be read in conjunction with 18 U.S.C. § 3237 that provides, in pertinent part:

> (a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States *begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed*.
> *Any offense involving* the use of the mails, transportation in *interstate* or foreign *commerce*, or the importation of an object or

> person into the United States *is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.* (Emphasis added.)

Fed. R. Crim. P, 21(b), provides in pertinent part:

> Rule 21.  Transfer for Trial.
> (b) For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.

The Distribution of Child Pornography is clearly an offense subject to the provisions of the statute and rules cited above. The District Court has broad discretion in deciding whether to grant a motion brought pursuant to Fed. R. Crim. P, 21(b).  Mr. Cantizano will address the various factors that, in his judgment, warrant a favorable exercise of discretion in favor of transferring this case to the Central District of California, Eastern Division in Riverside, California.

**Convenience of the Parties and the in the Interest of Justice**:

Mr. Cantizano cites the following factors in support of his request to transfer these proceedings pursuant to Fed. R. Crim. P, 21(b):

- The Defendant, at all times material hereto, has resided in Riverside California, a location that is approximately 440 miles from Tucson making a roundtrip drive of 880 miles as an absolute bare minimum. The price of gasoline alone is approximately $81.00.(See *Exhibit A*

attached hereto and by this reference made a part hereof.) The drive from Riverside to Tucson takes approximately 8 hours including fuel, food and rest stops. The trip can take longer depending upon the amount of traffic encountered. Mr. Cantizano estimates that each trip to Arizona results in expenditures of $400-$450. See summary of expenses attached hereto as *Exhibit B*. Mr. Cantizano is self-employed and reported gross proceeds of $20,142.00 on his Federal Tax Return Schedule C and minus One hundred Fifty-nine (-$159.00) as his *Adjusted Gross* income for that year. (a copy of which is attached hereto as *Exhibit C*.)

- Mr. Cantizano desires to be actively involved in the defense of his case, including the ability to meet personally with his attorney and discuss matters of pretrial strategy and participate in the decision-making process of matters that may have direct, significant and long-term impacts on his case.
- Mr. Cantizano is required to miss a minimum of two days of work every time he travels to Tucson.
- He was arrested in Riverside, California by agents of Homeland Security who reside in Riverside area. Those agents actually seized his computer and searched his residence and will most definitely be called as witnesses by the Government or by the Defendant. If the trial is transferred to Riverside, those agents will not have to travel in order to testify at trial. The existence of witnesses and evidence in the Central District of California are factors warranting consideration under *both* Fed. R. Crim. P, 21(b) and 18 U.S.C. § 3237(a).

- There should no inconvenience to any victim since no victim is named in the Indictment nor is a victim or victim's representative expected to testify at the trial of this matter.

Accordingly, Mr. Cantizano urges the court to exercise its discretion and enter its order, pursuant to Fed. R. Crim. P, 21(b), transferring this case to the Central District of California, Eastern Division in Riverside, California.

## Mr. Cantizano Believes he Cannot Obtain a Fair and Impartial Trial in the District of Arizona.

Mr. Cantizano firmly believes he cannot obtain a fair and impartial trial in this district. Fed. R. Crim. P, 21(a) governs requests for transfers of proceedings based upon claims of prejudice to the defendant:

> Rule 21. Transfer for Trial
> (a) For Prejudice. Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

A request for transfer of place of trial under this rule typically involves an allegation that the nature and extent of pretrial publicity regarding the crime or the accused has infected the potential jury pool. See, e.g. *United States v. Walker*, 665 F.3d 212, 223 (1st Cir. P.R. 2011) where the 1st Circuit observed:

> This provision has been applied almost exclusively in cases in which pervasive pretrial publicity has inflamed passions in the host community past the breaking point.

Mr. Cantizano's assertions in the instant case are not based upon pervasive and negative pretrial publicity, but are based upon his experiences relating to prior counsel and witnesses associated with case which have undermined his confidence in his ability to get a fair trial and an adequate defense in this District. Attached hereto are *Exhibits D and E* which are documents authored by Mr. Cantizano in support of his request for transfer under both Fed. R. Crim. P 21(a)(b). Mr. Cantizano, if granted a hearing on this motion, will appear and repeat under oath the allegations set forth in all of the attached Exhibits.

**CONCLUSION**:

Mr. Cantizano, based upon the points and authorities presented above, urges the court to grant his request the downward variance and sentence him to a term of 35 years and 1 month.

RESPECTFULLY SUBMITTED this 17th day of January 2017.

>ROACH LAW FIRM, L.L.C.
>
>s/Bradly K. Roach
>Bradley K. Roach
>Attorney for Carlos Cantizano

Carin C. Duryee, Esq.
Carmen Forrest Corbin, Esq.
Assistant U.S. Attorney