Exhibit E

Cantizano Letter

12-09-16

Quick overviews on the problems I have had with my lawyers begin with my first Lawyer Jill Thorp.
Let me begin with an e-mail she sent me on 4-15-16 where she compares my case to "U.S. vs Banks" Where actual physical molestation took place. She tells me how easy it is to get a conviction even on such slim evidence. I could not understand how she could compare that case to mine where I have not even seen the material I am being accused of downloading. I felt like she was trying to scare me into taking a plea deal.
On our first phone conversation where we discuss the "police report" I told Jill the HSI agent was lying. It was not a very productive conversation I did not feel we were communicating properly.
On 4-24-15 I drove to Arizona to speak in person.
One notable piece of our conversation on 4-24-15 is when I tell Jill what happened with the HSI agent and the coercion to say "no one else had access to my computer". She tells me an officer would not do that. Jill tries to convince me that I was not remembering things correctly. It was a little upsetting to have my own lawyer trying to convince me that I am not remembering things correctly.
I felt I was talking to the prosecution not my defense attorney. When I would not change my mind on the accounts, Jill told me to write a detailed report on what happened that day.
I did not feel 100 percent satisfied with our conversation that day.

I saw her physically taking notes on everything I told her.
After we received the computer forensic analysis report Jill informed me by e-mail that she told the computer analyst that no one else had access to my computer.
At that moment I felt she had told the computer analyst this falsehood to undermine my case.
I did not want to believe she would do this on purpose.
In hindsight I decided she mentioned this to me because she realized what she had done and wanted to give me the opportunity to correct her. I decided to treat this as a misunderstanding.
I found this mistake disturbing considering she took notes during our discussion.
And with her previous attempt to convince me I was not remembering the HSI agent coercion correctly.
And now this lawyer error, I started to question if I could trust Jill thorp and whether she had my best interest at heart.

During one of our last phone conversations Jill tells me she feels we do not have much of a case.
And again tries to convince me to take a plea deal to avoid serious jail time.
I will never plead guilty to something I did not do just to avoid serious jail time.

I had told Jill about my arrest two years later and how the California HSI agents searched my home and computers and found nothing illegal. I asked if we could introduce this in my defense.
Jill tells me no because it has nothing to do with the case.
In my opinion if I was on the Jury I would want to know why it took two years to arrest someone on such a serious crime and if they searched his home and computers two years later and found nothing illegal, I would want to know this information too. Yet Jill shot down this avenue that could help my defense.
I tell Jill I want to put the Arizona HSI agent on the witness stand and question him.
I felt he was dishonest in his Police report. He wrote it up so it would look like I was guilty.
Not once does he mention that I denied searching or downloading illegal material.
Jill tells me that if we place the officer on the witness stand he will just lie.
I tell Jill that's on him if he decides to lie on the witness stand. I want to question his honesty.

Jill proceeds to tell me that she has spoken to the officer in question and that he is an Idiot.
And if we put him on the stand it will just show he is an idiot and not capable of any dishonesty.
And once again Jill shot down an avenue that could help in my defense.
I later questioned Jill to what the HSI agent said that made her mark him as an idiot.
Jill would not give me a direct answer to the question leaving me to speculate as to why he was an idiot.

I drove to Arizona on 10-26-15 for a status conference. I spoke to Jill afterwards.
At this meeting I learn Jill's intentions to file a motion to suppress the statement "That no one else had access to my computer" due to coercion.
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
At this point I decided I needed a new lawyer.
Lying or saying something I do not believe in can only have a negative outcome.
Same as going to trial with what you know is a poor defense strategy. results in a negative outcome.
I am not a lawyer and I could see that. Jill is a good lawyer so I know she could see that.
Yet she was willing to try and lead me down this negative path.

I started to question if Jill Thorp was intending to defend me to the best of her abilities. I started to question if I could trust my lawyer. I do not like confrontation so I never argued with Jill on things I did not agree on with her. I decided I should consider hiring a private lawyer.

I decided to look into hiring a private lawyer. I talked with Richard Bock who sounded confident in taking my case. At the end of our phone conversation he asked who my current lawyer was.
I told him Jill Thorp. In hindsight I realize this was a mistake.
We ended our conversation and I had an interview with him on 12-16-15.
I arrived in Arizona and met with Richard. Soon into the conversation I realized something was wrong.
Richard was trying to convince me to stay with Jill Thorp. That Jill Thorp was a good lawyer and I should listen to her. It would be a waste of money hiring a private attorney to get the same results.
At one point he tells me that even if I was found innocent.
I can be re- arrested by the state of Arizona and go thru all of this again.
When I was leaving Richards office he asked me if I was going to go see Jill Thorp now.
I told him no I was going home.
I left his office with a sense that after our phone conversation he had called Jill Thorp
to discuss my case.

After this I did meet with another private attorney in Arizona. After speaking with him I decided to ask the court for another court appointed attorney.