**ROACH LAW FIRM, L.L.C.**
**Brad Roach, Esq.**
**100 N. Stone Avenue, Suite 512**
**Tucson, AZ 85701**
**(520) 628-4100**
**State Bar No. 017456**

Attorney for: Carlos Cantizano

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | )   No. CR 14-2097-TUC JAS (JR) |
|                **Plaintiff,** | ) |
| | ) |
| | )   **MOTION TO SUPPRESS STATEMENTS;** |
| **vs.** | )   **MOTION IN _LIMINE_** |
| | ) |
| | ) |
| **Carlos Cantizano,** | ) |
|                **Defendant.** | ) |
| | ) |
| | ) |

It is expected that excluded delay under 18 USC§(h)(1)(D)will occur as a result of this motion or an order based thereon.

Defendant, Carlos Cantizano, by and through his undersigned attorney, hereby moves the court to suppress statements made by him following his warrantless detention and by HSI special agents on August 3, 2012.

Additionally, the defendant moves the court to issue its order excluding the Government's use at trial of certain items as specified below that were seized on August 3, 2012 during the execution of a search warrant at 1134 East Mount Shibell Drive in Sahuarita, Arizona.

The grounds advanced in support of these motions are more fully set forth in the accompanying Memorandum of Points and Authorities.

- 1 -

### MEMORANDUM OF POINTS AND AUTHORITIES

**Statements Made after the Warrantless Arrest :**

The Defendant is charged in a two-count Indictment with violations of 18 USC§§ 2252(a)(2) and (b)(1)(Distribution of Child Pornography) and 18 USC§§ 2252A(a)(5)(B) and (b)(2) (Possession of Child Pornography).

On August 3, 2012, HSI special agents executed a warrant to search the premises at 1134 East Mount Shibell Drive in Sahuarita, Arizona.  As HSI agents were nearing the house to execute the warrant, they observed a van being driven by the defendant and occupied by his sister and nephew (David Banda) leaving the East Mount Shibell Drive location.  According to a *Report of Investigation* disclosed by the Government, the agents made a decision to stop the van and transport the occupants back to the residence. The agents, in effecting the stop, maneuvered their vehicle in front of the van and approached it with guns drawn. The defendant was ordered to get out of the van, handcuffed and then transported back to the residence in a separate  police vehicle from the rest of his family. Once they arrived at the residence, the defendant was searched.  When the defendant asked what was happening and why he was being detained, he was told he would just have to wait. Based upon these facts, there can be no serious dispute that Mr. Cantizano was "in custody" for purposes of *Miranda*.

A short while later an HSI agent approached him and *without first advising him of his Fifth or Sixth Amendment rights*, began to ask him questions, including questions about his having a laptop computer inside the residence and did it contain anything illegal. The officers then asked for the password to the defendant's computer, which he refused to give them.  The officers *persisted* in their questioning and wanted to know if the defendant used any type of file sharing program, to which Mr. Cantizan replied "BitTorent."  The officers *continued to ask*

*questions,* e.g. about whether he knew or understood the meaning of "pthc" and whether there was any child pornography on his computer.  The defendant *stated clearly and unequivocally* that he no longer wished to answer questions, but the *officer ignored him and continued to ask questions*, indicating he only had "a few more." When the defendant refused to answer whether anyone than he used the computer, the officer resorted to threats against the defendant's family and then observed that so far as he was concerned, the computer was found in the nephew's house so it must belong to the nephew and therefore the officer would be justified in arresting the nephew.  As a result of the threats to arrest the nephew based upon the defendant's recalcitrance to answer his questions, Mr. Cantizano relented and told the officer he was the only person who accessed/used the computer containing the pornographic images.

The defendant unequivocally stated on at least 2 or 3 occasions that he no longer wanted to speak with the officer, but his statement was ignored and the officer continued to ask questions until the officer was apparently finished with his questions at which time he was simply released from custody.

**Law and Argument:**

The law is well settled that: 1) in-custody statements made without benefit of advising a suspect of his 5th and 6th rights are, with few exceptions, inadmissible. *Miranda v Arizona*; 2) when an in-custody suspect has invoked his right to counsel, he is not subject to further interrogation by the authorities until counsel has been made available to him. *Edwards v. Arizona* 451 U.S. 477(1984);  3) a suspects invocation of his rights must be unequivocal. *Davis v. United States,* 512 U.S. 452(1994); for 4th Amendment purposes, law enforcement officers, even though armed with a valid search warrant for a particularly described location, are

*prohibited* (unless otherwise justified) from conducting an off-premises detention of persons even those known to be associated with the premises to be searched.

It is the defendants position that any and all statements made by him should be suppressed as the "fruits" of: 1) an illegal detention; 2) having been obtained without benefit of first being advised of and voluntarily waiving his Fifth or Sixth Amendment rights in violation of *Miranda;* 3) police conduct in ignoring his unequivocal invocation of his right to remain silent thereby rendering them involuntary.   Accordingly, the statements should suppressed under the doctrines announced in *Miranda*, *Edwards v. Arizona* 451 U.S. 477(1984); *Davis v. United States,* 512 U.S. 452(1994), *Bailey v. United States*, 133 S. Ct. 1031(2013.) and *Wong Sun v. United States*, 371 U.S. 471, 484, 83 S.Ct. 407, 416 (1963).

Mr. Cantizano posits that his detention was an off-premises detention, not supported by reasonable suspicion or probable cause and not otherwise justified by the law-enforcement interests discussed in *Michigan v. Summers*,  452 U.S. 692 (1981) and therefore *presumptively illegal* under *Bailey v. United States*, 133 S. Ct. 1031(2013.) Undersigned counsel is not aware of any claim that the detention of Mr. Cantizano was based upon reasonable suspicion or probable cause and will not address those as a basis for justifying for his detention.   The officers claim the detention was in order to talk to the owner of the residence about the search warrant and out of concern for not having to damage the home to gain entry if nobody was present when they executed the warrant. However, neither of those claims apply to Mr. Cantizano since the officers knew he was not the owner of the residence.   The officers advanced no other justification for drawing guns on Mr. Cantizano, handcuffing him, transporting him back to the residence, questioning him without benefit of advising him of his rights and ignoring his statements that he did not wish to speak further to the agents.

– 4 –

This was not a consensual encounter with law enforcement. Mr. Cantizano was ultimately released from custody after being subjected to the tactics referred to above, however, his eventual *release in no way attenuates* any of the conduct that preceded it.

**CONCLUSION**:

Mr. Cantizano, based upon the points and authorities presented above, urges the court to grant his motion to suppress any and all statements made by him to law enforcement on August 3, 2012.

**Motion in *Limine***:

During the execution of the Search Warrant there were two external hard drives, an Ipod and a Windows mobile phone that were seized, but on further examination by law enforcement, none of the items seized revealed the presence of contraband nor were they of evidentiary value. In addition, there were compact discs belonging to the defendant's nephew and miscellaneous photos taken of the house. Again, none of these items were contraband or of evidentiary value.

The items referred to above are not relevant to issues in the case and should be excluded pursuant to Fed Rules Evid R 401 and 403 which provide as follows:

> USCS Fed Rules Evid R 401
> Rule 401. Test for Relevant Evidence
> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.
>
> USCS Fed Rules Evid R 403
> Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons
> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The items sought to be precluded by this motion in *limine* do not meet the test for relevance and should be excluded. Even if the court finds, contrary to the defendant's position, that the items are relevant, they should nonetheless be precluded under the provisions of Rule 403 as confusing the issues, potentially misleading the jury to believe that the items contain contraband, are a waste of the court's time or needlessly present cumulative evidence.

RESPECTFULLY SUBMITTED this _____ day of March 2017.

ROACH LAW FIRM, L.L.C.

s/Bradly K. Roach
Bradley K. Roach
Attorney for Carlos Cantizano

Copy of the foregoing served electronically or by
other means this _____ day of March 2017, to:

Carin C. Duryee, Esq.
Carmen Forrest Corbin, Esq.
Assistant U.S. Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25